UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Aspara Robinson,

    Plaintiff

v.

Nellis Air Force Base,

    Defendant

Case No.: 2:22-cv-01983-JAD-NJK

**Order Dismissing Action**

    Plaintiff Aspara Robinson sues the Nellis Air Force Base, alleging that its employees "fraudulently withdrew [her] employment credentials."[1] On December 27, 2022, this court denied Robinson's application to proceed *in forma pauperis*, ordered her to pay the $402 filing fee, and warned her that failure to pay would result in dismissal of her case.[2] That deadline expired, and Robinson did not pay the fee or seek to extend the deadline to do so.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to obey a court order.[4] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

---

[1] ECF No. 1.

[2] ECF No. 5.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[8] Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with the court's order, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the court's infinite

---

[5] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Henderson* Henderson v. Duncan, 779 F.2d 1421, 1423–24 (9th Cir. 1986).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[8] *Henderson*, 779 F.2d at 1424.

resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  **IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice** for failure to pay the filing fee in compliance with the court's order.  **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**  If Robinson wishes to pursue her claims, she must file a complaint in a new case, and she must pay the fee for that action or file a complete application to proceed *in forma pauperis* demonstrating her inability to pay.

_____
U.S. District Judge Jennifer A. Dorsey
October 10, 2023